John E. Flaherty
Ravin R. Patel
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
jflaherty@mccarter.com
rpatel@mccarter.com

OF COUNSEL:

Raymond N. Nimrod
Matthew A. Traupman
Allyson E. Mackavage
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010

Amanda K. Antons
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

*Attorneys for Plaintiff*
*Cubist Pharmaceuticals LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CUBIST PHARMACEUTICALS LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK LLC,<br><br>            Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Filed Electronically) |

Plaintiff Cubist Pharmaceuticals LLC ("Cubist" or "Plaintiff") by its attorneys, for their complaint against Amneal Pharmaceuticals, LLC ("Amneal Pharma") and Amneal Pharmaceuticals of New York LLC ("Amneal NY") (collectively, "Amneal" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 9,138,456 (the "'456 patent") under the laws of the United States, 35 U.S.C. § 100, *et seq.* This action arises from Amneal NY's filing of Abbreviated New Drug Application ("ANDA") No. 212397 ("the Amneal ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market a generic version of Plaintiff's CUBICIN RF® drug product ("Amneal's Proposed ANDA Product").

## THE PARTIES

2.      Cubist is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at Weystrasse 20, 6000 Lucerne 6, Switzerland.

3.      Upon information and belief, Amneal Pharma is a limited liability company organized and existing under the laws of the State of Delaware, and having a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, Somerset County, New Jersey 08807. Amneal Pharma is in the business of, among other things, manufacturing and marketing generic copies of branded pharmaceutical products throughout the United States including in this Judicial District.

4.     Upon information and belief, Amneal NY is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, Amneal NY has a principal place of business at 50 Horseblock Road, Brookhaven, New York 11719, and, per Amneal's letter dated November 1 ,2018 notifying Cubist that Amneal NY had submitted ANDA No. 212397 ("Amneal's Notice Letter"), a place of business at 400 Crossing Blvd., Third Floor, Bridgewater, Somerset Country, New Jersey 08807. Upon information and belief, Amneal NY is a wholly owned subsidiary, and agent of Amneal Pharma. Upon information and belief, Amneal NY is the holder of the Amneal ANDA. Amneal NY is in the business of, among other things, manufacturing and marketing generic copies of branded pharmaceutical products throughout the United States including in this Judicial District.

## THE PATENT-IN-SUIT

5.     On September 22, 2015, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '456 patent, which is owned by Cubist, entitled "Lipopetide Compositions And Related Methods." A copy of the '456 patent is attached as Exhibit A.

## THE CUBICIN RF® DRUG PRODUCT

6.     Cubist holds approved New Drug Application ("NDA") No. 021572 for daptomycin for injection, which is prescribed and sold under the trademark CUBICIN RF®. CUBICIN RF® is indicated for the treatment of complicated skin and skin structure infections and *Staphylococcus aureus* bloodstream infections in adult and pediatric patients.

7.     The claims of the '456 patent cover, *inter alia*, solid pharmaceutical daptomycin compositions.

8.   Pursuant to 21 U.S.C. § 335(b)(1), and attendant FDA regulations, the '456 patent is listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CUBICIN RF®.

## SUBJECT MATTER JURISDICTION

9.   This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This Court further has subject matter jurisdiction over Cubist's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PERSONAL JURISDICTION AND VENUE OVER AMNEAL PHARMA

10.   This Court has personal jurisdiction over Amneal Pharma because Amneal Pharma has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. Upon information and belief, Amneal Pharma regularly and continuously transacts business within New Jersey, including by establishing a principal place of business in New Jersey and by selling pharmaceutical products in New Jersey. Upon information and belief, Amneal Pharma derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

11.   This Court also has personal jurisdiction over Amneal Pharma because, *inter alia,* this action arises from actions of Amneal Pharma directed toward New Jersey. For example, Amneal Pharma's counsel sent Amneal's Notice Letter directed to Cubist's offices in New Jersey stating that Amneal NY had submitted ANDA No. 212397 seeking approval to commercially manufacture, use, import, offer for sale, and sell Amneal's Proposed ANDA Product prior to the expiration of the '456 patent. If Amneal Pharma succeeds in obtaining FDA

4

approval, it would sell Amneal's Proposed ANDA Product in New Jersey and other states, causing injury to Plaintiff in New Jersey.

12. Upon information and belief, Amneal Pharma has continuously placed its products into the stream of commerce for distribution and consumption in the State of New Jersey and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.

13. Upon information and belief, Amneal Pharma plans to market such products and intends a future course of conduct that includes acts of patent infringement in New Jersey. Upon information and belief, Amneal Pharma's acts have led and will lead to foreseeable harm and injury to Plaintiff in New Jersey. Upon information and belief, following approval of the Amneal ANDA, Amneal Pharma will make, use, import, sell, and/or offer for sale the Amneal's Proposed ANDA Product in the United States, including in New Jersey. Upon information and belief, Amneal Pharma will conduct such acts from its regular and established place of business in Bridgewater, Somerset County, New Jersey.

14. Upon information and belief, Amneal Pharma has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

15. Amneal Pharma has previously been sued in this Judicial District and has availed itself of courts in New Jersey through the assertion of claims and counterclaims in suits brought in New Jersey, including *Amneal Pharmaceuticals LLC v. Reckitt Benckiser Pharmaceuticals, Inc. et al.*, No. 3:15-cv-08864-MAS-DEA (D.N.J.) (filing complaint asserting claims); *Senju Pharmaceutical Co. et al. v. Amneal Pharmaceuticals LLC et al.*, No. 3:18-cv-05571 (D.N.J.) (not contesting personal jurisdiction or venue and asserting counterclaims); *BTG*

5

*International Limited et al. v. Actavis Laboratories FL, Inc. et al.*, No. 2:15-cv-05909-KM-JBC (D.N.J.) (same); *Shire Pharmaceutical Development Inc., et al. v. Amneal Pharmaceuticals LLC, et al.*, No. 1:15-cv-02865-RBK-JS (D.N.J.) (same); *Novo Nordisk Inc. et al. v. Amneal Pharmaceuticals, LLC, et al.*, No. 3:13-cv-04915-MAS-DEA (D.N.J.) (same); *Luitpold Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC, et al.*, No. 3:12-cv-05064-JAP-DEA (D.N.J.) (same), and has consented to the jurisdiction of this Court in these cases and others, including *Janssen Products, LP et al v. Amneal Pharmaceuticals LLC et al.*, No. 2:18-cv-17585 (D.N.J.) (not contesting personal jurisdiction or venue); *Symed Labs Limited et al. v. Amneal Pharmaceuticals LLC et al.*, No. 2:18-cv-13628-CCC-MF (D.N.J.) (same).

16.     On information and belief, Amneal Pharma and Amneal NY operate and act in concert as an integrated, unitary business. On information and belief, Amneal Pharma, acting in concert with Amneal NY has made and will continue to make substantial and meaningful preparations in this Judicial District towards infringement, including the preparation and submission of the Amneal ANDA seeking FDA approval to market Amneal's Proposed ANDA Product throughout the United States, including in this Judicial District, before expiration of the '456 patent. On information and belief, among other actions, Amneal Pharma signed Amneal's Notice Letter stating that Amneal NY had submitted the Amneal ANDA to the FDA seeking approval to market Amneal's Proposed ANDA Product before the expiration of the '456 patent.

17.     Venue is proper for Amneal Pharma under 28 U.S.C. § 1400(b) because Amneal Pharma has a regular and established place of business in Bridgewater, Somerset Country, New Jersey, and has or will commit acts of infringement in New Jersey, as set forth in paragraphs 13 and 28-32.

6

**PERSONAL JURISDICTION AND VENUE OVER AMNEAL NY**

18.     This Court has personal jurisdiction over Amneal NY because Amneal NY has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. Upon information and belief, Amneal NY regularly and continuously transacts business within New Jersey, including by selling pharmaceutical products in New Jersey. Upon information and belief, Amneal NY derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

19.     Upon information and belief, Amneal NY has continuously placed its products into the stream of commerce for distribution and consumption in the State of New Jersey and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.

20.     The Amneal ANDA identifies Amneal NY as an entity that would market Amneal's Proposed ANDA Product in the United States. Upon information and belief, Amneal NY agreed to market such product and intends a future course of conduct that includes acts of patent infringement in New Jersey. Upon information and belief, Amneal NY's acts have led to and will lead to foreseeable harm and injury to Plaintiff in New Jersey. Upon information and belief, following approval of the Amneal ANDA, Amneal NY will make, use, import, sell, and/or offer for sale the Amneal's Proposed ANDA Product in the United States, including in New Jersey. Upon information and belief, Amneal NY has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

21.     On information and belief, Amneal NY acts as the agent of Amneal Pharma with respect to the Amneal ANDA. On information and belief, one reflection of that is

7

that Amneal's Notice Letter, which was signed by Amneal Pharma, identifies Amneal NY as the party that submitted the ANDA. On information and belief, Amneal NY submitted regulatory filings for generic pharmaceutical products to the FDA on behalf of Amneal Pharma, including the ANDA seeking FDA approval to market Amneal's Proposed ANDA Product before expiration of the '456 patent.

22.    Amneal NY has previously been sued in this Judicial District and has availed itself of courts in New Jersey through the assertion of counterclaims in suits brought in New Jersey, including *BTG International Limited et al. v. Actavis Laboratories FL, Inc. et al.*, No. 2:15-cv-05909-KM-JBC (D.N.J.) (not contesting personal jurisdiction or venue and asserting counterclaims); *Shire Pharmaceutical Development Inc., et al. v. Amneal Pharmaceuticals LLC, et al.*, No. 1:15-cv-02865-RBK-JS (D.N.J.) (same); *Novo Nordisk Inc. et al. v. Amneal Pharmaceuticals, LLC, et al.*, No. 3:13-cv-04915-MAS-DEA (D.N.J.) (same); *Luitpold Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC, et al.*, No. 3:12-cv-05064-JAP-DEA (D.N.J.) (same), and has consented to the jurisdiction of this Court in these cases and others, including *Janssen Products, LP et al. v. Amneal Pharmaceuticals LLC et al.*, No. 2:18-cv-17585 (D.N.J.) (not contesting personal jurisdiction or venue).

23.    Venue is proper for Amneal NY under 28 U.S.C. § 1400(b) because Amneal NY has a regular and established place of business in Bridgewater, Somerset Country, New Jersey, and has or will commit acts of infringement in New Jersey, as set forth in paragraphs 20 and 24-32.

**AMNEAL NY'S INFRINGING ANDA SUBMISSION**

24.    On or about November 1, 2018, Cubist received from Amneal Pharma's counsel Amneal's Notice Letter, stating that Amneal NY had submitted the Amneal ANDA to

the FDA seeking approval to market Amneal's Proposed ANDA Product before the expiration of the '456 patent. Amneal's Proposed ANDA Product is intended to be a generic version of CUBICIN RF®.

25.     Amneal's Notice Letter notified Plaintiff that the Amneal ANDA includes a certification pursuant to § 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug and Cosmetic Act ("Amneal's Paragraph IV Certification"), and that in Amneal's opinion, the '456 patent is "unenforceable, invalid, and/or not infringed, either literally or under the doctrine of equivalents, by the manufacture, use, sale, offer for sale, and/or importation of the drug product for which ANDA No. 212397 has been submitted by AMNEAL."

26.     Amneal's Paragraph IV Certification alleges that Amneal's Proposed ANDA Product does not infringe certain claims of the '456 patent. Notwithstanding these allegations, on information and belief, discovery and/or testing will show that Amneal's Proposed ANDA Product infringes the '456 patent.

27.     Upon information and belief, Amneal intends to market Amneal's Proposed ANDA Product in the United States.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 9,138,456 BY DEFENDANTS**

28.     Plaintiff repeats and realleges paragraphs 1-27 above as if fully set forth herein.

29.     By filing the Amneal ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Amneal's Proposed ANDA Product before the expiration of the '456 patent, Amneal NY committed an act of infringement under 35 U.S.C. § 271(e)(2).

9

30.     Upon information and belief, discovery and/or testing will show that if Amneal commercially makes, uses, offers to sell, or sells Amneal's Proposed ANDA Product within the United States, including in New Jersey, or imports Amneal's Proposed ANDA Product into the United States, including in New Jersey, or induces or contributes to any such conduct during the term of the '456 patent, it would further infringe at least claims 1-2 and 7-11 of the '456 patent under 35 U.S.C. § 271(a), (b), and/or (c). In addition, Amneal's Paragraph IV Certification does not dispute that it infringes at least one claim of the '456 patent.

31.     Amneal has had knowledge of the '456 patent since at least the date it submitted the Amneal ANDA.

32.     Plaintiff will be irreparably harmed if Amneal is not enjoined from infringing the '456 patent. Plaintiff does not have an adequate remedy at law.

## COUNT II:  DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,138,456 BY DEFENDANTS

33.     Plaintiff repeats and realleges paragraphs 1-32 above as if fully set forth herein.

34.     On information and belief, Amneal has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA Products prior to the expiration of the '456 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Amneal's planned manufacture, use, offer to sell, or sale of Amneal's Proposed ANDA Product within the United States, including in New Jersey, or importation of Amneal's Proposed ANDA Product into the United States, including in New Jersey, or inducement or contribution to any such conduct during the term of the '456 patent, infringes any valid claim of the '456 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

35.    Plaintiff seeks a declaratory judgment that Amneal's manufacture, use, offer to sell, or sale of Amneal's Proposed ANDA Product within the United States or importation of Amneal's Proposed ANDA Product into the United States will infringe any valid claim of the '456 patent under 35 U.S.C. § 271(a), (b), and/or (c). In addition, Amneal's Paragraph IV Certification does not dispute that it infringes at least one claim of the '456 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A Judgment that Amneal has infringed one or more claims of the '456 patent by filing ANDA No. 212397;

B.    A Judgment that Amneal has infringed, and that Amneal's making, using, selling, offering to sell, or importing Amneal's Proposed ANDA Product would constitute infringement of one or more claims of the '456 patent, and/or induces or contributes to the infringement of, one or more claims of the '456 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

C.    A Declaration that Amneal has infringed, and that Amneal's making, using, selling, offering to sell, or importing Amneal's Proposed ANDA Product infringes of one or more claims of the '456 patent, and/or induce or contribute to the infringement of, one or more claims of the '456 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

D.    A permanent injunction restraining and enjoining Amneal, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Amneal's Proposed ANDA Product until after the

11

expiration of the '456 patent, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

E.     An Order that the effective date of any approval of ANDA No. 212397 relating to Amneal's Proposed ANDA Product be a date that is not earlier than the expiration date of the '456 patent plus any other regulatory exclusivity to which Plaintiff is or becomes entitled.

F.     Such other and further relief as the Court may deem just and proper.

Dated:  July 16, 2019

OF COUNSEL:

Raymond N. Nimrod
Matthew A. Traupman
Allyson E. Mackavage
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010

Amanda K. Antons
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

By: s/ John E. Flaherty
    John E. Flaherty
    Ravin R. Patel
    McCarter & English, LLP
    Four Gateway Center
    100 Mulberry St.
    Newark, NJ 07102
    Telephone: (973) 622-4444
    jflaherty@mccarter.com
    rpatel@mccarter.com

*Attorneys for Plaintiff*
*Cubist Pharmaceuticals LLC*

12

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Plaintiff Cubist Pharmaceuticals LLC, by its attorneys, hereby certify pursuant to Local

Civil Rule 11.2 that the matter in controversy is the subject of the following pending action in the

United States District Court for the District of New Jersey:

- *Cubist Pharmaceuticals LLC v. Cipla USA, Inc., et al.*,
  Civil Action No. 3:19-cv-12920 (BRM) (ZNQ).

Dated: July 16, 2019

By: s/ John E. Flaherty
John E. Flaherty
Ravin R. Patel
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
jflaherty@mccarter.com
rpatel@mccarter.com


*Attorneys for Plaintiff*
*Cubist Pharmaceuticals LLC*

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1(d)

Pursuant to Local Civil Rule 201.1, I hereby certify the above-captioned matter is not subject to compulsory arbitration in that, *inter alia,* the Plaintiff seeks non-monetary injunctive relief and the amount in controversy exceeds the $150,000 threshold exclusive of interest and costs and any claim for punitive damages.

Dated: July 16, 2019

By: s/ John E. Flaherty
John E. Flaherty
Ravin R. Patel
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
jflaherty@mccarter.com
rpatel@mccarter.com

*Attorneys for Plaintiff*
*Cubist Pharmaceuticals LLC*